**FILED**
**4/18/2023**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (312) 894-9587 AND ASSOCIATED INFORMATION IN THE CUSTODY OF AT&T | Case No. 23 M 397 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This Court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the ___Northern___ District of ___Texas___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | conspiracy to possess with intent to distribute controlled substances |

The application is based on these facts:
See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by FBI. See 18 U.S.C. §§ 3122(b), 3123(b).

☐ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: __05/18/2023__ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

✓ Pursuant to Fed. R. Crim. P. 4.1, this Application is presented by reliable electronic means. The Applicant and/or Affiant provided a sworn statement attesting to the truth of the statements in the Application and Affidavit by telephone, as applicable.

*Applicant's signature*

Shamar Bailey, Special Agent, FBI
*Printed name and title*

✓ Sworn to and affirmed by telephone.

Sworn to before me and signed in my presence.

Date: __April 18, 2023__

*Judge's signature*

City and state: __Chicago, Illinois__                YOUNG B. KIM, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (312) 894-9587 AND ASSOCIATED INFORMATION IN THE CUSTODY OF AT&T WIRELESS | Case Number: <br><br> Hon. Young B. Kim <br> Magistrate Judge <br><br> **UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Shamar Bailey, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for prospective and historical location and other information associated with the cellular telephone assigned call number (312) 894-9587, ("**Subject Phone 13**"), whose service provider is New Cingular Wireless PCS, now owned by AT&T Wireless ("Provider"), a wireless telephone service provider headquartered in Dallas, Texas as further described below and in Attachment B. **Subject Phone 13** is further described below and in Attachment A.

2. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. As a provider of wireless communications service, Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15).

4. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), and because this warrant seeks the installation and use of a pen register and a trap and trace device, the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

5. I am a special agent with the Federal Bureau of Investigation ("FBI") and have been so employed since March 2016. I am currently assigned to the FBI's Chicago Field Division, Violent Gangs - South. As part of my duties as a FBI Special Agent, I investigate criminal violations of Federal and State controlled substance laws including, but not limited to, conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846; and possession with intent to distribute and distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

6. I have received specialized training in the methods by which individuals and drug trafficking organizations conduct illegal drug trafficking activities, as well as in the use of various investigative techniques used to uncover illegal drug trafficking. I have participated in multiple investigations involving illegal drug trafficking.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8. On April 18, 2023, CALVIN BUNTING was charged by complaint with one count of conspiracy to possess with intent to distribute a controlled substance, namely fentanyl, cocaine base, and heroin, in violation of Title 21, United States Code, Section 846. BUNTING is the subject of an arrest warrant issued on April 18, 2023 on the basis of the above-referenced complaint and affidavit, which are incorporated by reference. There is also probable cause to believe that **Subject Phone 13**'s location will assist law enforcement in arresting BUNTING, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

9. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

10. On April 18, 2023, BUNTING was charged by complaint in Case No. 23 CR 226 with one count of conspiracy to possess with intent to distribute a controlled substance, namely fentanyl, cocaine base, and heroin, in violation of Title 21, United States Code, Section 846, and a warrant for BUNTING's arrest was issued.

3

11. Since in or about early February 2023, law enforcement has been attempting to confirm BUNTING's current residence using law enforcement databases of information obtained from public sources, Chicago Police Department records, physical surveillance, and spot checks of specific addresses. To date, law enforcement's efforts to identify BUNTING's current residence have been unsuccessful.

12. According to law enforcement databases, BUNTING is the named subscriber for **Subject Phone 13** and the address associated with **Subject Phone 13** is a residence located on the 9300 block of S. Union Avenue in Chicago.

13. On or about April 18, 2023, in the presence of another law enforcement officer who, like me, is familiar with BUNTING's voice from this investigation (including the review of multiple months of court-authorized interceptions of wire communications over **Subject Phone 13**), I placed a call to **Subject Phone 13** to confirm that BUNTING is still the user of **Subject Phone 13**. A voice I recognized as that of BUNTING picked up the call. I asked if I was speaking with "Calvin." BUNTING answered affirmatively and asked who was calling. As a ruse, I told BUNTING that I was calling on behalf of Amazon and told him he needed to update the security settings on his Amazon account due to a fraud alert. BUNTING stated he would do so and the call then terminated. Immediately after placing the call, I listened to a recording of BUNTING's voice from a court-authorized interception of a call over **Subject Phone 13** on or about May 27, 2022, at approximately 9:25 p.m.

4

(TP10, Session 2027) and confirmed that the voice I heard on the call I had just placed to **Subject Phone 13** was the same voice captured on the recording.

14. According to law enforcement and or public source databases, BUNTING has been a resident of this district for many years. Law enforcement databases and CPD records identify multiple potential addresses for BUNTING in this district, some of which are among addresses surveilled by law enforcement with negative results.

## BACKGROUND ON LOCATION AND OTHER INFORMATION

15. In my training, I have learned that Provider is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device

5

does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

16. Based on my training and experience, I know that Provider can collect E-911 Phase II data about the location of **Subject Phone 13**, including by initiating a signal to determine the location of **Subject Phone 13** on Provider's network or with such other reference points as may be reasonably available.

17. Based on my training and experience, I know Provider can collect cell-site data about **Subject Phone 13**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

18. Based on my training and experience, I know that each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a

6

Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers, as transmitted from a cellular device to a cellular antenna or tower, can be recorded by pen register and trap and trace devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

22. Based on my training and experience, I know that wireless providers such as Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify **Subject Phone 13**'s user or users and may assist in the identification of co-conspirators.

## AUTHORIZATION REQUEST

23. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C.

7

§ 2703(c). The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123, authorizing the installation and use of pen register and trap and trace devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from **Subject Phone 13**, to include the date, time, and duration of the communication, without geographic limit, for a period of 30 days pursuant to 18 U.S.C. § 3123(c)(1).

24. I further request that the Court direct Provider to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Provider. I also request that the Court direct Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Provider's services, including the installation and operation of pen register and trap and trace devices and by initiating a signal to determine the location of **Subject Phone 13** on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Provider for reasonable expenses incurred in furnishing such facilities or assistance.

25. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice for 90 days, until July 17, 2023. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing

8

immediate notice may seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior, and endanger the life or physical safety of an individual. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

26. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate **Subject Phone 13** outside of daytime hours. In addition, because the warrant will be served on Provider, who will then compile the requested records at a time convenient to it, good cause exists under Rule 41 to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Shamar Bailey
Special Agent
Federal Bureau of Investigation

Sworn to and affirmed by telephone on April 18, 2023

UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (312) 894-9587 ("**Subject Phone 13**"), whose wireless service provider is New Cingular Wireless PCS, LLC, now owned by AT&T Wireless ("Provider"), a company headquartered in Dallas, Texas.

2. This warrant applies to records and information associated with **Subject Phone 13** that are within the possession, custody, or control of Provider, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B-**

**Particular Things to be Seized**

I.  **Information to be Disclosed by the Provider**

A. **Prospective Location Information to be Disclosed**

All information about the location of **Subject Phone 13** described in Attachment A for a period of 30 days, during all times of day and night. "Information about the location of **Subject Phone 13**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from **Subject Phone 13**.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint ("Provider"), Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of **Subject Phone 13** on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Provider for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U. S. C.§ 3103a(b)(2).

**B. Additional Information to be Disclosed**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to **Subject Phone 13**:

1. The following information about the customers or subscribers associated with **Subject Phone 13** for the time period from April 3, 2023, through April 18, 2023.

    i. Names (including subscriber names, user names, and screen names);

    ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    iii. Local and long distance telephone connection records;

    iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

    v. Length of service (including start date) and types of service utilized;

    vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity

    Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

 vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

 viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

 ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by **Subject Phone 13**, including:

  (1) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

  (2) information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

2. Information associated with each communication to and from **Subject Phone 13** for a period of 30 days from the date of this warrant, including:

 i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

 ii. Source and destination telephone numbers;

 iii. Date, time, and duration of communication; and

 iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which **Subject Phone 13** will connect at the beginning and end of each communication.

Provider is required to furnish to the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described above in Sections I.B.1 and I.B.2, unobtrusively and with a minimum of

interference with Provider's services, including through the installation and operation of pen register and trap and trace devices. The government shall reasonably compensate Provider for reasonable expenses incurred in furnishing such facilities or assistance.

## II.    Information to Be Seized by the Government

All information described above in Section I that will assist in arresting CALVIN BUNTING, who was charged with violating Title 21, United States Code, Section 846 from on or about May 18, 2021 through on or about September 8, 2021, and is the subject of an arrest warrant issued on April 18, 2023, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.